**OSMAN v COOK**

Ohio Appeals, 2nd Dist.,
Franklin Co.

No. 3412. Decided Feb. 28th, 1942.

Paul M. Herbert, Columbus, for
plaintiff-appellee.

B. B. Bridge, Columbus and Paul
R. Gingher, Columbus, for defend-
ant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in the sum of $11,000.00 in favor of the plaintiff and against the defendant following a verdict, overruling of motions for new trial and for judgment notwithstanding the verdict. The action was for damages for personal injuries suffered by the plaintiff when the automobile in which he was riding collided with an ambulance of the defendant driven by its agent. The collision occurred at the intersection of East Mound Street and Parsons Avenue in the City of Columbus. Plaintiff was driving west on East Mound Street and defendant's driver was driving north on Parsons Avenue. There was a traffic signal at the intersection.

The petition set forth seven specifications of negligence and issue was drawn upon all of them. The appellant assigns five claimed errors which we will discuss in the order appearing in the briefs.

(1) Error in the admission of evidence on the part of the plaintiff.

The driver of defendant's ambulance testified respecting the color of the traffic light at the intersection when he entered. The gist of his testimony was to the effect that as he came up to within about 26 to 36 feet from the intersection the cautionary light, as well as the red stop light, was against him. He had stated that he would not say that he crashed a red light, and much of his testimony is directed to the question whether or not the stop light only was against him. On cross-examination he was interrogated whether or not he had pleaded guilty to a violation of the city ordinance making it an offense to drive through an intersection against a red stop light. He was permitted to answer this question which answer developed that he had entered a plea of guilty to a violation of the ordinance. This is assigned as error.

It is urged that the testimony adduced was not impeaching because the witness admitted that he had driven into the intersection against the terms of the ordinance. The difficulty with this contention is that the witness did not unqualifiedly admit that he crashed the red light. The effect of his testimony was, in so far as he could do so within the facts, to raise a question as to his violation of the express provision against driving through a red stop light. In this situation it was appropriate to inquire of him as to his plea to the charge of violation of the ordinance in particulars affecting the truth of his testimony.

It is said in 42 **O. Jur. 415**:

"Prior exculpatory statements by the accused in a criminal prosecution are usually held to be admissible to contradict evidence given by him."

(2) The court erred in giving to the jury before argument plaintiff's special request No. 5 on the measure of damages.

It is not necessary to set out that portion of the charge to which the assignment is directed. It is challenged in several particulars: First, that it did not limit recovery of damages for permanent injuries to such as were reasonable and certain; next, "it permitted the

jury to consider any and all circumstances shown by a preponderance of the evidence bearing upon the question of damages."

The trial judge permitted the jury to measure the extent of future damages resulting to plaintiff in two particulars, pain and suffering, actual necessary hospital and medical expenses, as to both of which the jury was required to find that they were reasonably certain to occur. This was the proper rule as to the quantum of proof respecting future damages. Pennsylvania v Files, 65 Oh St 403; Toledo R. & L. Co. v Tucker, 7 Oh Ap 397; Root v Monroeville, 16 O. C. C. 617.

The second objection to the charge is that it permitted the jury to "consider any and all circumstances shown by preponderance of the evidence bearing upon the question of damages directly and proximately resulting from the negligence of the driver of defendant's motor vehicle ambulance", and that this part of the charge was too broad, permitting the jury to award speculative and prospective damages. We do not view the instruction. The Court definitely limited the elements of the damages which could be made the subject matter of the award. In determining the extent to which they were proven, it was appropriate to employ the language in that part of the charge to which objection is interposed.

(3) The Court erred in giving to the jury before argument plaintiff's special request No. 1.

This request assumed that the intersection at Mound Street and Parsons Avenue was within the closely built-up portion of the City of Columbus, and applied the provisions of §12,603, GC, to effect that it would be "prima facie un-lawful for defendant's ambulance to proceed at a speed in excess of 20 miles per hour on Parsons Avenue from Fulton Street to Mound Street". It is claimed that the Court was not authorized under the evidence to assume that Parsons Avenue, from Fulton to Mound Street, was closely built-up section of the City of Columbus.

The brief of appellant supporting this assignment of error is quite sketchy, merely makes the assertion that the undisputed evidence is to effect that the territory at and near the intersection is not closely built-up, whereas the brief of appellee says that it clearly appears from the same testimony that it is. Fact of the matter is, that defendant's Exhibit "I", which apparently was before the trial judge and the jury, is denied us and we are required to examine the record in detail to determine this rather complex and involved question.

We have no expression of our Supreme Court completely defining closely built-up portions of a municipal corporation as employed in the statute. In The Community Traction Co. v Konte, 122 Oh St 514, it is stated in the syllabus:

"The phrase, 'closely built-up portions of a municipal corporation', as used in §12,603 GC, relates to the proximity of buildings to the road or highway, rather than the proximity of buildings to each other."

Judge Robison in the opinion observes that the term "business" in the section needs no interpretation. The record establishes that the east side of Parsons Avenue on which defendant's driver was operating his ambulance is clearly a business section. All of the lots in the square south of Mound Street are occupied by buildings,

with one exception, and the majority of them are business. On the west side of Parsons Avenue in this square there are buildings on all of the lots, but the greater part thereof are residential. It was held in Gillilan v Spring, 20 N. P. (N. S.) 581, that, "business and closely built-up" parts of a city do not apply to residence territory but to that closely built-up with business houses and, hence, not to territory containing a school, hospital and residences and only one business house containing two stores. But this decision quoted the language of the statute as reading "business and closely built-up portions". It now reads "business or closely built-up portions," and the Supreme Court in Traction Co. v. Konte, supra, contrasts the meaning of the two expressions.

In Houston v. Schrieber, 34 Oh Ap, 244, the Court held that a busy, much-travelled intersection, on two corners of which were a drug store and a soft drink parlor, made a question of fact whether or not it was business or closely built-up section. The inference in this case is that but two of the four corners of the intersection were occupied by buildings and the opinion implies that the extent of the business and traffic operating at the intersection would have some probative effect as to the application of the statute.

The minimum set-back from the curb on Parsons Avenue was 9 feet on most of the buildings, the maximum, 31½ feet, the residences, in most cases, 15 to 18 feet. From Mound to Engler street, the uniform set-back is 9.8 feet. It is our judgment that the trial judge was correct in assuming that that portion of the street in which defendant's driver was moving immediately prior to the collision was in the business section and that it was closely built-up. A set-back of ap-

proximately 10 feet from the curb would, in any event, bring the buildings close to the sidewalk, although we do not have the width of the sidewalk. If there is any question whatever, it would arise by reason of the set-back of the residences on the west side of Parsons Avenue. We can not say from the record which is before us that the Court erred in the assumption indulged in charging that it was unlawful for defendant's ambulance to drive in excess of 20 miles per hour from Fulton Street to Mound Street. The physical facts were undisputed and their application in the light of the section under consideration became a question of law. If, perchance, this charge could be said to be erroneous, it would not be prejudicial under the two-issue rule.

Assignment No. 4 is that the Court erred in the general charge to the jury as pertaining to §6310-17 GC. We are of opinion that the qualifications to the section to which objection is made were not erroneous nor prejudicial. The Court, defining the exceptions to the obligation of a motorist to operate his vehicle on the right center of the road, said that, if he desired to pass to the left in overtaking a vehicle it should be done in a lawful manner, in the exercise of ordinary care, with due regard for the safety of others. This is not in all particulars the language of the exceptions in the sections, but it carries the import and effect thereof.

The 5th assignment of error: the Court erred in failing to set aside the verdict on the ground that it was excessive and appeared to have been rendered under the influence of passion and prejudice.

The verdict is substantial. It is asserted that there is no compet-

ent medical evidence of any future disability and that passion and prejudice were aroused in the minds of the jury by reason of the cross-examination of Ellis, the driver of defendant's ambulance.

We will not discuss the testimony as to the extent of plaintiff's injuries, but are content to say that they were very serious indeed, involving skull and brain injuries. There was expert testimony to the effect that the plaintiff had endured great pain and suffering, was unconscious for con- considerable period of time, hospitalized, and that he will continue to suffer in the future and that his condition will only be corrected by a delicate operation, the effect of which is not at all certain. Plaintiff was a comparatively young man and his earning capacity has been definitely reduced by his injuries.

The cross-examination of Ellis was vigorous and the facts developed were such as might convince the jury that he was negligent in the extreme. Any feeling that may have been aroused was but the natural reaction to his own conduct, as was apparent even in the most favorable light in which he could present it. There was no charge of consequence of misconduct of counsel during the trial. The trial judge had the case well in hand and we are unable to find any substantial reason which would support a determination that the verdict was induced by passion and prejudice, nor that it is so excessive in amount as to imply that it was so returned.

The judgment will be affirmed.

GEIGER, PJ., and BARNES, J., concur.